| 96 | 289 |
| 126 | 363 |

## McCandless *versus* Young.

1. In assumpsit by a purchaser to recover back the purchase-money for the deficiency in a tract of land which the vendor represented contained a greater number of acres than it actually did contain, the *scienter* of the vendor at the time he made the representation is the vital question in the action.

2. The 17th Rule of the Supreme Court specifying what the paper book of the plaintiff in error shall contain requires an appendix containing the evidence: *Held*, this does not mean the evidence of either the plaintiff or defendant alone nor such excerpts therefrom as he may choose to present.

3. Per STERRETT, J.—The relevancy of testimony often depends on the circumstances under which it is offered—the state of the evidence then before the court and jury; and hence it is in such cases that we should be furnished with the testimony, so that we may be able to properly understand the bearing of that which is alleged to have been improperly rejected or received, as the case may be.

November 15th 1880. Before MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ. SHARSWOOD, C. J., absent.

Error to the Court of Common Pleas of *Butler county:* Of October and November Term 1879, No. 156.

This was an action of assumpsit brought by Simon Young against W. D. McCandless, to recover from defendant, as money had and received by him which belonged to the plaintiff, the price of some thirty-eight acres of land at $100 an acre, with interest from the date of receipt, which the plaintiff alleged he paid to the defendant, and which should be repaid, because of deceit practised on him by defendant in the sale of a tract of land in Centre township, which the defendant falsely and fraudulently represented to contain one hundred and eighty-six acres, when in fact, it contained but one hundred and forty-eight acres and some perches.

McCandless, by articles of agreement in writing in 1873, agreed to sell and convey to Simon Young, the plaintiff, one hundred and eighty-six acres of land, more or less. In pursuance of this agreement, a deed was made to Young for the land described as one hundred and eighty-six acres, more or less. No survey was made before the delivery of the deed, and none had been made since the defendant had become the owner, some twenty years before. A survey made for Young disclosed the fact, that the piece of land sold contained only one hundred and fifty acres, strict measure. This suit was thereupon brought by Young to recover back from the vendor, McCandless, the purchase-money having been paid, the value of thirty-six acres, the alleged deficiency, at the rate per acre at which the whole had been purchased, claiming the sum of $3703.12½. The plaintiff charged that the defendant, well knowing that he only had one hundred and fifty acres, sold one hundred and eighty-six, and thereby committed a fraud. The question of defendant's scienter became the main issue, and the refusal of the testimony offered by the defendant on this point was the error assigned.

15 NORRIS—19

[McCandless v. Young.]

Young alleged that the testimony, which was not printed by plaintiff in error in his paper-book, would have disclosed the following facts: That in the spring of 1873, McCandless, being the owner of a farm which he wished to sell, and having been informed that Simon Young.had sold a farm in an adjoining township and desired to purchase another, proposed to Solomon Young, a brother of Simon, that if he should get Simon to buy the farm of said McCandless at $100 per acre, he would give Solomon a commission of $300, and represented to Solomon Young that there were one hundred and eighty-six acres in the farm he proposed to sell. Solomon Young communicated to his brother the proposal of McCandless to sell his farm at $100 per acre, and that McCandless said there were one hundred and eighty-six acres in it.

Simon and Solomon went to look at the farm and saw McCandless there, who repeated his proposal and representation as to quantity, in the presence of both of them. On that representation and upon the faith reposed by Young in McCandless, who is a surveyor, and had lived some time on the farm, and got it from his father, who had owned it a long time, a contract was agreed upon for one hundred and eighty-six acres of land at $100 per acre. A day or two afterwards the parties met in the law-office of Charles McCandless, Esq., in Butler, to have the contract put in writing, and the terms of it as above, and the payments, were stated to Judge McCandless, and he wrote an agreement, read it to the parties, and they signed it. This article of agreement was lost from the possession of Judge McCandless, and could not be found for use in the case. Simon and Solomon Young testified positively that the agreement as read expressed the price per acre at $100, as well as the gross price, $18,600. The defendant and another witness denied that the price per acre was in the agreement, but all agreed that one hundred and eighty-six acres of land at $100 per acre was the basis of calculation to arrive at the aggregate price, $18,600.

Verdict for plaintiff for $4228.23, and after judgment thereon defendant took this writ and alleged that:—

1. The court erred in holding that under the pleadings and proof the plaintiff could recover.

2. In refusing the following offer by defendant:—

To show by the witness, a surveyor, and who made a survey of the tract within two years, that instead of it containing two hundred and fifty acres only, as described in the deed, it contains over three hundred acres, for the purpose of showing that more than fifty acres were included more than should be; this to justify and support the defendant's theory that he believed there were one hundred and eighty-six acres at least in his lines; he did not know that Anthony Thompson's contained more than two hundred and fifty acres net.

[McCandless v. Young.]

3. In refusing the following offer by defendant :—

To prove by Josiah M. Thompson, a surveyor, that he made a survey of the Anthony Thompson part of the tract within two years, and that instead of containing two hundred and fifty acres, it contains over three hundred; this to justify defendant's belief and statement that the draft of H. McKee was correct for one hundred and eighty-six acres and forty-two perches, and to repel the imputation of fraud and deceit.

*Thompson & Scott,* for plaintiff in error.—The only question involved in the facts is the scienter of the defendant. There are other matters touching the form of action, pleading and ruling; but the real question, and indeed, the only one for the jury was, " Did the defendant know he owned only one hundred and fifty acres, and did he represent that he owned one hundred and eighty-six to induce the plaintiff to buy ?"

The question is, although mistaken, are his conduct and representation fraudulent? May this not be; is it not consistent with entire innocence? The motive gives, in this case, color to the act; his motives are to be judged, not as he stood, but as he thought he stood. And this view we believe to be the settled law of this state: Juniata Bank *v.* Brown, 5 S. & R. 226.

The proof offered and refused would not only explain how the deficiency arose, but it would also show facts consistent with perfect good faith. He believed the patent contained nearly five hundred acres, and the proof rejected, would have shown that it did. He did not know that Anthony Thompson had more than he was entitled to, two hundred and fifty acres; and being entitled to all the residue, the defendant not only believed, but had these hitherto undisputed data upon which to confidently rely. Would this not explain satisfactorily why he represented the quantity he owned, and the cause of his misapprehension ?

*George A. & A. T. Black, John M. Miller* and *L. Z. Mitchell,* for defendant in error.—As no demurrer was filed and no point made concerning the form of action or pleadings in the court below, that is probably settled. The *narr.* and affidavit set out the facts on which the action was founded, and that the action is proper in form; we refer to Hershey *v.* Keembortz, 6 Barr 128 ; Smith *v.* Bellows, 27 P. F. Smith 441. The court was not asked for any instructions as to the effect of the proofs, and they were submitted fairly to the jury.

We cannot see how the proof of the survey could have helped the defendant below, in face of the evidence already before the jury and on the issue, and which the plaintiff in error has omitted from his paper-book. The question in the case was, did McCandless knowingly misrepresent the quantity at the time he made the con-

[McCandless *v.* Young.]

tract, and on this he had a full hearing.   He testified himself that he did not know the Anthony Thompson part overran, and that his part fell short, and that he honestly thought he had at least one hundred and eighty-six acres until the plaintiff below told him it had fallen short.   The burden of proving the fraud and deceit was on the plaintiff, and the court held a tight rein on him in his offers, so that nothing was admitted to which defendant's counsel could except.   No complaint is made of the charge of the court, and with all the facts and testimony before them, the jury found that defendant did knowingly misrepresent the quantity of land, and had deceived and cheated the plaintiff when he contracted with him in 1873.

The plaintiff in error has omitted the entire testimony on part of the defendant in error, and all of the testimony on his own part that might be prejudicial to him, and there was considerable of it.

Mr. Justice STERRETT delivered the opinion of the court, Janu-3d 1881.

The vital question, on the trial of this case in the court below, was the *scienter* of the defendant at the time he made the representations on which the action is grounded.   The charge of the learned judge contains a clear and accurate statement of the law applicable to the controlling facts of the case as we gather them from the paper-books and admissions of counsel.   It is not denied that defendant below represented to plaintiff, when the latter was about to purchase his farm, that it contained one hundred and eighty-six acres, nor can it be doubted that the representation was made for the purpose of inducing him to buy and pay for that quantity of land.   It is conceded that a subsequent survey of the farm revealed the fact that it contained about thirty-eight acres less than was represented.   The plaintiff below, as the basis of his suit brought to recover the price which he paid for the deficiency, alleged that the representation was falsely and fraudulently made, with intent to cheat and defraud, by inducing him to buy and pay for more land than the tract actually contained; that the defendant at that time well knew there was not more than one hundred and fifty acres in the tract, but, notwithstanding this knowledge, he falsely and with the fraudulent intent aforesaid, represented that it contained one hundred and eighty-six acres.

The plaintiff introduced testimony to prove these allegations. On the other hand, the defendant denied that he knew there was less than one hundred and eighty-six acres in the farm, and contended that he acted honestly and in good faith, believing at the time that it did contain the number of acres he represented; but admitted that he had since ascertained he was mistaken.   The questions of fact thus involved were very fairly submitted to the jury and we fail to discover any ground on which to base the first

[McCandless *v.* Young.]

assignment of error. On the contrary, if the court had charged that under the pleadings and evidence the plaintiff could not recover, it clearly would have been error.

The subject of complaint in the second and third assignments is the rejection of the offers of testimony therein specified. It may be that the plaintiff in error should have been permitted to prove the matters embodied in these offers, and that if proved, as we must assume they would have been, they would have tended to corroborate his own testimony; but he has failed to satisfy us that any substantial error was committed in excluding the testimony as irrelevant. The relevancy of testimony often depends on the circumstances under which it is offered, the state of the evidence then before the court and jury; and hence it is important in such cases that we should be furnished with the testimony, so that we may be able to properly understand the bearing of that which is alleged to have been improperly rejected or received, as the case may be. The seventeenth rule of court, specifying what the paper-book of the plaintiff in error shall contain, requires " an appendix containing the evidence." This does not mean the evidence of either the plaintiff or defendant alone, nor such excerpts therefrom as he may choose to present. . To sanction such a practice would often result injuriously to the defendant in error and at the same time be unfair to the court below.

The defendant in error contends that if we had before us the evidence which preceded the rejected offers, it would appear to us, as it did to the learned judge of the Common Pleas, that the rejected testimony was wholly irrelevant. In the absence of that evidence, how can we undertake to say that this is not so? The presumption is that the ruling of the court was correct, and that should prevail until the contrary is made manifest in the regular and orderly way. This has not been done in the present case, and the judgment of the Court of Common Pleas should therefore be affirmed.

Judgment affirmed.